UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| BENJAMIN T. WALLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 1:17-CV-243-TAV-CHS ) |
| CIVIC CORPORATION, CORRECT CARE SOLUTIONS, HAMILTON COUNTY, and CHRISTOPHER HOWARD, | ) ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION**

This case is before the Court on a pro se prisoner's complaint for violation of his rights, brought under 42 U.S.C. § 1983. On June 15, 2018, the Court entered an order providing that Plaintiff would have twenty days from receipt of the order to complete the service packets and return them to the Clerk's office [Doc. 4 p. 2].[1] More than two months have passed, and Plaintiff has not complied with this order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this matter will be dismissed due to Plaintiff's failure to prosecute and to comply with the Court's orders.

Rule 41(b) of the Federal Rule of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483

---

[1] Also on June 15, 2018, the Court sent Plaintiff a notice regarding the requirement that he notify the Court of any change in address [Doc. 5].

F. App'x 1, 9 (6th Cir. 2012); *see also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see also Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

With respect to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's order, but did not comply therewith.

With respect the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

With respect the third factor, the Court warned Plaintiff that the Court would dismiss the case if Plaintiff did not timely comply with the Court's previous order [Doc. 4 p. 2].

Finally, with respect to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner who was granted leave to proceed in forma pauperis in this action [Doc. 4 p. 1], and Plaintiff has not pursued this action since filing his complaint and motion for leave to proceed in forma pauperis approximately eleven months ago [Docs. 1 and 2].

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004 (affirming district court's dismissal of civil rights complaint for want of prosecution where the plaintiff did not comply with deficiency order that warned the plaintiff that failure to comply would result in dismissal of the case). Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE